Kennan E. Kaeder, SB#102570
Attorney at Law
501 West Broadway
Suite 800
San Diego, Ca 92101
619-232-6545
619-374-7277 Fax
kkaeder@cox.net

Attorney for Paul Feller and Cronus Equity, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Paul Feller and Cronus Equity, LLC** ) | **Case No.: 2:18-CV-3460** |
| ) | |
| **Plaintiffs,** ) | **STIPULATED PROTECTIVE** |
| **vs.** ) | **ORDER** |
| ) | |
| **Robert Petty and Does 1 through 25** ) | **Judge: Hon. Josephine L. Stanton** |
| **inclusive,** ) | |
| ) | |
| **Defendants** ) | |
| ) | |
|_____ ) | |
| ) | |
| **And Related Counterclaim** ) | |
|_____ ) | |

 

    THE PARTIES HERETO, pursuant to the discovery order of Magistrate Hon. Charles F. Fick of May 13, 2021 for discovery to be produced on June 16, 2021, Plaintiffs/Counterdefendants and Defendant/Counterclaimant, by and through their attorneys of record, hereby stipulate to the entry of this Stipulated Protective Order with the following terms and conditions:

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3 below, that this Protective Order does not entitle them to file confidential information under seal.

## 2.    DEFINITIONS

2.1    <u>Action</u>:  Collectively, the above-captioned lawsuit filed in the United States District Court For The Central District Of California.

2.2    <u>Challenging Party</u>:  A Party or Non-Party who challenges the designation of information or items under this Order.

2.3    <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)(1)(g).

2.4    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record (as well as their support staff).

2.5    <u>Designating Party</u>:  A Party or Non-Party who designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained

(including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.7   <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention is not anticipated to become an employee of a Party or of a Party's competitor.

    2.8   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>:  Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)(1)(g) and is extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, private, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive, business, or personal injury to the Producing Party.

    2.9   <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    2.10  <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

    2.11  <u>Party</u>:  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

    2.12  <u>Producing Party</u>:  A Party or Non-Party who produces Disclosure or Discovery Material in this action.

2.13 <u>Professional Vendors</u>: Persons or entities who provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15 <u>Receiving Party</u>: A Party who receives Disclosure or Discovery Material from a Producing Party.

2.16 <u>Law Enforcement Agency</u>: Any agency authorized by law that is responsible for the prevention, detection, or investigation of any violation of criminal law, or authorized by law to detain suspected offenders or supervise convicted offenders.

**3. SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information lawfully known to the Receiving Party prior to the disclosure and under no obligation of confidentiality; and (c) any information obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and

under no obligation of confidentiality.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of:  (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party who designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2      Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise

stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party who makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify all protected testimony and specify

the level of protection being asserted in either of the following manners: (i) on the record, before the close of the deposition, hearing, or other proceeding; or (ii) up to 21 days after the transcript of such deposition or proceeding is received. Only those portions of the testimony or other proceeding that are appropriately designated for protection as set forth above shall be covered by the provisions of this Protective Order. Where deemed appropriate in good faith, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the Court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored

the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

      5.3   <u>Inadvertent Failures to Designate</u>.  If corrected within a reasonable time, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

      6.1   <u>Timing of Challenges</u>.  Any Party may challenge a designation of **"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** at any time.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The parties shall attempt to resolve each challenge in good faith and must begin the process by meaningfully and directly conferring within 14 days of the date of service of notice or as otherwise agreed by the parties in writing. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer

process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 14 days of the parties having engaged in an unsuccessful meet and confer.  An unsuccessful meet and confer shall occur only after the Parties engage in the process set forth in Paragraph 6.2.  After the parties attempt to resolve their dispute, the Challenging Party may serve written notice to the Designating Party informing the Designating Party that the meet and confer efforts have been unsuccessful, which will then trigger the 14 day obligation for the Designating Party to seek judicial intervention.  If the Designating Party does not seek judicial intervention within this time period, the matter will no longer be treated as Confidential.

Notwithstanding the preceding paragraph or any paragraph herein, the burden of presentation and persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions as set forth in the Federal Rules of Civil Procedure or other federal law.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Designating Party or Receiving Party to whom disclosure is reasonably necessary or otherwise related to this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) employees of a Law Enforcement Agency (as defined in this Order) who are investigating the conduct of any Party to this action and who have issued a valid subpoena or other legal process;

(f) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(g) during their depositions, and during or in preparation immediately preceding testimony at trial or at another evidentiary hearing, witnesses in the action to whom disclosure is reasonably necessary, and who have signed the form *"Acknowledgment and Agreement to Be Bound" (Exhibit A)*, **unless otherwise agreed by the Designating Party or ordered by the Court**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must

be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(h) witnesses, as designated on the Initial Disclosures of Witnesses and Documents, in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party: (1) to whom disclosure is reasonably
necessary for this litigation; (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) employees of a Law Enforcement Agency (as defined in this Order) who are investigating the conduct of any Party to this action and who have issued a valid subpoena or other legal process;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Party is served with a subpoena, other legal process, or a court order issued in other litigation or by law enforcement that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and

relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to timely object or seek a protective order from this Court after receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best

efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.  REDACTION ALLOWED

Any Producing Party may redact from the documents and things it produced matter that the Producing Party claims is subject to attorney-client privilege work product immunity, a legal prohibition against disclosure, or any other privilege or immunity.  The Producing Party shall mark each thing where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice.      Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The Producing Party shall preserve an unredacted version of each such document.

## 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and clarified below.

The production in this action of any electronically stored information or other information that is subject to a claim of privilege shall be deemed to be inadvertent and to be without prejudice to any claim that such material is protected by the attorney/client privilege, the work product doctrine, or any other applicable privilege or ground for withholding production, and no party shall be held to have waived any rights by such production.

Upon the discovery of a disclosure of information for which a privilege and/or confidential treatment under this Protective Order is asserted, the producing party shall promptly notify the party in receipt of the information in writing of the disclosure, identify the document that contains such information, and immediately takes steps to preclude further disclosure.

The party that received the information shall have fourteen (14) calendar days (or some other time period reasonably agreed to by the parties in writing) from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the party making the claim in writing of an objection to the claim of privilege and the grounds for that objection. The party making the claim of privilege will then have fourteen (14) calendar days (or some other time period reasonably agreed to by the parties in writing) from the receipt of the objection notice to submit the specified information to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege or protection. In the event the party making the claim fails to submit the specified information, and the grounds for the asserted privilege, to the Court within the time specified herein, the Court may consider this in determining whether the privilege or protection is waived.

Upon a determination by the Court that the specified information is protected by the applicable privilege, and if the specified information has been sequestered rather than returned or destroyed, the specified information shall be returned, destroyed, or otherwise rendered disabled from further use or rendered inaccessible. To the extent that the party making the claim insists on the return or destruction of the specified information, rather than disabling the information from further use or otherwise rendering it inaccessible, the party making the claim shall bear the costs of the return or destruction of such information.

This provision is not intended to modify any procedure established in an e-discovery or other order that may provide for production without prior privilege review. Insofar as the parties reach an agreement on the effect of disclosure of a

communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Protective Order submitted to the Court.

### 13.    MISCELLANEOUS

13.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future or to seek other appropriate relief.

13.2    <u>Right to Assert Other Objections</u>.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this action any Protected Material.  Protected Material may only be filed under seal pursuant to Federal Rule Of Civil Procedure 26(c)(1).  The Designating Party will have the burden to provide the Court with any information the Court deems necessary to support the designation as Confidential Information or Highly Confidential Information.  A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the Court.

### 14.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the

Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

# ORDER

## PURSUANT TO THE TERMS OF THE ABOVE PROTECTIVE

## ORDER, IT IS SO ORDERED.

DATED: ___6/21/21___

_____
/S/ CHARLES F. EICK
U.S. MAGISTRATE JUDGE

Submitted By:

*/s/ kennan E. Kaeder*
Kennan E. Kaeder, Attorney at Law
*Attorneys for Plaintiffs/Counterdefendants*

Approved as to form and content:

Rainey Law P.C.

/s/ Ingrid M. Rainey
Ingrid M. Rainey
*Attorneys for Defendant/Counterclaimant*

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,

_____ [full

name], of _____

[full address], declare under penalty of perjury that I have read in its entirety and

understand the Protective Order that was issued by the Federal District Court For

The Central District Of California.  I agree to comply with and to be bound by all

the terms of this Protective Order and I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court For The Central District Of California for the purpose of enforcing the terms

of this Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint

_____ [full name], of

_____ [full

address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

                              [printed name]

Signature: _____[signature]